IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**FILED**

DEC 1 5 2017



| | |
|---|---|
| DEBORAH JONES<br>Plaintiff,<br><br>vs.<br><br>IHCS RESIDENTIAL, INC.<br>Defendant | Civil Action No. SA-17-CV-00869 |

## A REPORT ON ALTERNATIVE DISPUTE RESOLUTION
## RULE CV-88.

(a) ADR METHODS.

The Defendant, IHCS, Residential would like for the court to approve a ADR method which would include a Mediation in order to have a possible settlement in this case for both parties which should be suggest to the courts that would be suited to the litigation.

1. **Status of settlement negotiations:**

Defendant agrees with the statement of the opposing counsel that the parties have discussed possible early settlement and are hopeful that the case can settle.

2. **Agreement to ADR:**

Defendant also agrees with the statement of the opposing counsel that the parties have concurred with another form of alternative dispute resolution which is the form of mediation. Defendant has not agreed to the selected Mediator Michael Holland who is familiar with the Fair Labor Standards Act. The Defendant has also not agreed to split the fee equally for mediation. But the Defendant does realize that it is standard procedure to pay her part of the Mediation.

The Defendant, IHCS, Residential has chosen a Mediator that would be reasonable to her financial budget.

The Mediation Company is named "Alwais Mediation" and is located at 6326 Sovereign, Suite 208, San Antonio, Texas 78229, their phone number is: 210-421-4414, their fax number is: 210-568-4739, their website is: www.alwaismediation.com, their alternate email address is: stephanie@alwaismediation.com.

Since the Defendant, GAYLE WASHINGTON has incurred an injury which may tentatively require surgery, she therefore would like to request for the Mediation to be Scheduled in the month of February, 2018.

The Mediator's February Scheduled Calendar has been attached.

(b) ADR REPORT

The Defendant and her Counsel will provide the Magistrate Court submit a report addressing the status of settlement negotiations, disclosing the identity of the person responsible for settlement negotiations for each party, and evaluating whether alternative dispute resolution is appropriate in the case. In the event the parties conclude that ADR is appropriate and agree upon a method of ADR and an ADR provider, they will identify both the method of ADR and the provider they have selected, the method by which the provider was selected, and how the provider will be compensated.

(c) REFERRAL TO ADR.

The Defendant IHCS, Residential, understands that the court may refer a case to ADR on the motion of a party, on the agreement of the parties, or on its own motion; however, the court may refer a case to arbitration only with the consent of the parties (including but not limited to their consent by contract to arbitration). If the parties agree upon an ADR method or provider, the court will respect the parties' agreement unless the court determines that another ADR method or provider is better suited to the case and parties. If the parties are unable to agree on an ADR provider, the court will select a provider.

(d) ATTENDANCE AND AUTHORITY TO SETTLE

Counsel, party representatives with authority to negotiate a settlement, and all other persons necessary to negotiate a settlement, including insurance carriers, must attend the ADR session in person, unless the parties agree or the court orders otherwise.

(e) FEES

The chosen Mediator has a set fee for the ADR in which the Defendant agrees to the fees set. The Defendant has only a limited financial resource to compensate the Mediator. The Defendant also understands that the court will reserves the right to review the reasonableness of the fees. If the provider and litigants are unable to agree, the court will determine an appropriate fee.

(f) DISQUALIFICATION

The Defendant also understands that there should be no person to serve as a provider if any of the circumstances specified in 28 U.S.C. § 455 of the Judicial Code of Conduct exist, or if the provider believes in good faith that such circumstances exist.

(g) RELIEF FROM REFERRAL

In the case of the Relief from Referral, the Defendant, IHCS Residential would therefore request for the opposing party to file a written objections with the court not later than 14 days after receiving notice of the referral or provider. The Defendant may obtain relief from an order upon a showing of good cause. Good cause may include a showing that the expenses relating to alternative dispute resolution would cause undue hardship to the party seeking relief from the order. In that event, the Defendant understands that the court may (in its discretion) appoint a provider from the list of providers to serve at a reduced fee, or without fee and at no cost to the party or parties.

(h) CONFIDENTIALITY (CV-88-2)

The Defendant requests that all participants, that all communication relating to the subject matter of this civil dispute made by all participant during an alternative dispute resolution procedure, whether before or after the institution of formal judicial proceedings, is confidential, may not be disclosed, institution of formal judicial proceedings, is confidential, may not be disclosed, may not be used as evidence against any of the participants in any judicial or administrative proceeding, and does not constitute a waiver of any existing privileges or immunities. This should include:

(1) Any record made at an alternative dispute resolution procedure is confidential, and the participants or the third party facilitating the procedure may not be required to testify in any proceedings relating to or arising out of the matter in dispute or be subject to process requiring the disclosure of confidential information or data relating to or arising out of the matter in dispute.

(2) An oral communication or written material used in or made a part of an alternative dispute resolution procedure is admissible or discoverable if it is admissible or discoverable independent of the procedure.

(3) If this section conflicts with other legal requirements for disclosure of communications or materials, the issue of confidentiality may be presented to the court having jurisdiction of the proceedings to determine, in camera, whether the facts, circumstances, and context of the communications or materials sought to be disclosed warrant a protective order of the court or whether the communications or materials are subject to disclosure.

(i) FINAL ADR REPORT

The Defendant and her Counsel will provide a Final ADR Report to the Courts. At the conclusion of each ADR proceeding, the provider will submit to the court a notice of the outcome, including the style and number of the case, the type of case, the method of ADR, whether the case has settled, and the provider's fees.

(j) SANCTIONS

The sanctions available under Federal Rule of Civil Procedure 16(f) shall apply to any violation of this rule.

Wherefore, Defendant, IHCS RESIDENTIAL, INC., would like to request a Mediation to be held in the Month of February, 2018 since she has sustained a serious injury which may tentatively require surgery. Therefore the Defendant would also like to request time to recover from her surgery.

Respectfully submitted,
BEFORE ME, on the 14th day of December, 2017

*Petra Schmitt*
NOTARY PUBLIC
My Commission expires: 2021

Ms. Gayle Washington
IHCS RESIDENTIAL INC.
Defendant

Petra Ashley Schmitt
My Commission Expires
02/23/2021
ID No. 131016238

**CERTIFICATE OF SERVICE**

I, Defendant, IHCS RESIDENTIAL, INC of this case, certify under oath on the 14th day of December, 2017 that the Defendant's Report of Alternative Dispute Resolution RULE CV-88 are true and correct. The Petitioner's Counsel should be served by the Honorable Judge and the Clerk of the Western District Court.

REPORT ALTERNATIVE DISPUTE RESOLUTION RULE CV-88.

4

SUBSCRIBED AND SWORN TO
BEFORE ME, on the 14th day of
December, 2017

*Petra Schmitt*
NOTARY PUBLIC
My Commission expires: 2021

Petra Ashley Schmitt
My Commission Expires
02/23/2021
iD No. 131016238

Respectfully submitted,

Ms. Gayle Washington
IHCS RESIDENTIAL INC.
Defendant

REPORT ALTERNATIVE DISPUTE RESOLUTION RULE CV-88.

5